UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DUSTIN M. MOORE,                    )
                                    )   No. CV-09-250-CI
            Plaintiff,              )
                                    )
v.                                  )   ORDER GRANTING DEFENDANT'S
                                    )   MOTION FOR SUMMARY JUDGMENT
MICHAEL J. ASTRUE,                  )   AND DENYING PLAINTIFF'S
Commissioner of Social              )   MOTION FOR SUMMARY JUDGMENT
Security,                           )
                                    )
            Defendant.              )
                                    )
_____     )

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 10, 14.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Franco L. Becia represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Dustin M. Moore (Plaintiff) protectively filed for supplemental security income (SSI) on August 5, 2004. (Tr. 35, 307.) Plaintiff alleged an onset date of January 1, 1986, the day he was born. (Tr. 35.) Benefits were denied initially and on reconsideration. (Tr. 346, 349.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard A. Say on July 28, 2006. (Tr. 394-411.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 395-411.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

On October 13, 2006, a second hearing was held and medical expert W. Scott Mabee testified. (Tr. 414-22.) The ALJ denied benefits. (Tr. 307-20.) The Appeals Council granted review and remanded for additional findings by the ALJ. (Tr. 318-20.) A third hearing was held before ALJ Gene Duncan on December 9, 2008. (Tr. 425-65.) Plaintiff, medical expert Dr. Robert McDevitt, and vocational expert Deborah Lapoint all testified. (Tr. 428-64.) The ALJ again denied benefits (Tr. 17-25) and the Appeals Council denied review. (Tr. 6.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, and record and will, therefore, only be summarized here.

At the time of the first hearing, Plaintiff was 20 years old. (Tr. 395.) Plaintiff graduated from an alternative high school and was in special education all the way though school. (Tr. 396, 430.) At the time of the third hearing, Plaintiff was working about 35 hours per week at McDonald's, where his girlfriend is the manager and his boss. (Tr. 446.) In the past, he worked on his grandmother's farm taking care of cows and moving heavy bales of hay. (Tr. 432.) Plaintiff's physical problems include acid reflux, hyperactivity and blackout spells. (Tr. 435.) The main reason Plaintiff believes he cannot work is his hyperactivity. (Tr. 444.) He says he cannot physically sit and do the same thing over and over. (Tr. 444.) Plaintiff says he's not a "people person" and he "butts heads" with authority figures. (Tr. 444.) Plaintiff started using alcohol around age seven or eight, and started using marijuana in middle school. (Tr. 433.) He went through rehab in middle school and an outpatient

1  program for alcohol around 2004 or 2005.  Plaintiff testified that he

2  still drinks occasionally and that he last smoked marijuana three and

3  a half to four years before the last hearing.  (Tr. 434.)

4                          **STANDARD OF REVIEW**

5      Congress has provided a limited scope of judicial review of a

6  Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the

7  Commissioner's decision, made through an ALJ, when the determination

8  is not based on legal error and is supported by substantial evidence.

9  *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v.*

10 *Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's]

11 determination that a claimant is not disabled will be upheld if the

12 findings of fact are supported by substantial evidence." *Delgado v.*

13 *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).

14 Substantial evidence is more than a mere scintilla, *Sorenson v.*

15 *Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a

16 preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir.

17 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d

18 573, 576 (9th Cir. 1988).  Substantial evidence "means such relevant

19 evidence as a reasonable mind might accept as adequate to support a

20 conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971)

21 (citations omitted).  "[S]uch inferences and conclusions as the

22 [Commissioner] may reasonably draw from the evidence" will also be

23 upheld.  *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On

24 review, the court considers the record as a whole, not just the

25 evidence supporting the decision of the Commissioner.  *Weetman v.*

26 *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*,

27 648 F.2d 525, 526 (9th Cir. 1980)).

28      It is the role of the trier of fact, not this court, to resolve

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1    The Commissioner has established a five-step sequential
2  evaluation process for determining whether a claimant is disabled.  20
3  C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is
4  engaged in substantial gainful activities.  If the claimant is engaged
5  in substantial gainful activities, benefits are denied.  20 C.F.R. §§
6  404.1520(a)(4)(I), 416.920(a)(4)(I).

7    If the claimant is not engaged in substantial gainful activities,
8  the decision maker proceeds to step two and determines whether the
9  claimant has a medically severe impairment or combination of
10 impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If
11 the claimant does not have a severe impairment or combination of
12 impairments, the disability claim is denied.

13    If the impairment is severe, the evaluation proceeds to the third
14 step, which compares the claimant's impairment with a number of listed
15 impairments acknowledged by the Commissioner to be so severe as to
16 preclude substantial gainful activity.  20 C.F.R. §§
17 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App.
18 1.  If the impairment meets or equals one of the listed impairments,
19 the claimant is conclusively presumed to be disabled.

20    If the impairment is not one conclusively presumed to be
21 disabling, the evaluation proceeds to the fourth step, which
22 determines whether the impairment prevents the claimant from
23 performing work he or she has performed in the past.  If plaintiff is
24 able to perform his or her previous work, the claimant is not
25 disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At
26 this step, the claimant's residual functional capacity ("RFC")
27 assessment is considered.

28    If the claimant cannot perform this work, the fifth and final

step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has engaged in substantial gainful activity since August 5, 2004, the alleged onset date. (Tr. 19.) At step two, he found Plaintiff has the following severe impairment: personality disorder. (Tr. 19.) At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 20.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform medium to heavy work as defined in 20 CFR 416.967(c) except he should do simple routine tasks with only occasional balancing, and he should not work with moving machinery, heights or motorized vehicles. He should work with objects

not people, and have only superficial contact with coworkers and supervisors.  He should work relatively independently with no access to drugs and alcohol, no intense interaction with others, no security work, and no prolonged reading for comprehension.  He should not be in charge of the safety of others; do work that requires hyper vigilance; and there should be no more than a few changes in his work environment.  He will also be off task 4% of the time.

(Tr. 21.)  At step four, the ALJ found Plaintiff has no past relevant work.  (Tr. 23.)    After taking into account Plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.  (Tr. 24.)  Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since August 5, 2004, the date the application was filed.  (Tr. 24.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, Plaintiff asserts the ALJ failed to properly evaluate the medical opinion evidence.  (Ct. Rec. 11 at 11-16.)  Defendant argues the ALJ: (1) properly determined Plaintiff has engaged in substantial gainful activity; (2) properly considered the medical opinion evidence; and (3) made properly supported RFC and step five determinations.

**DISCUSSION**

**1.    Step One**

Plaintiff suggests the ALJ erred in determining Plaintiff engaged in substantial gainful activity after the application date.  (Ct. Rec. 11 at 15-16.)  If a claimant is engaged in substantial gainful activity, then the claimant is not disabled within the meaning of the

Social Security Act. *Tackett v. Apfel* 180 F.3d 1094, 1098 (9th Cir. 1999). Substantial gainful activity is work activity that "involves doing significant physical or mental activities" on a full- or part-time basis, and "is the kind of work usually done for pay or profit." 20 C.F.R. §§ 404.1572, 416.972. Generally, if a claimant works for substantial earnings as described in the regulations, the work is found to be substantial gainful activity. 20 C.F.R. §§ 404.1574(a), 416.974(a).

The ALJ found Plaintiff engaged in substantial gainful activity because he was working at McDonald's 35 hours per week earning $8.50 per hour at the time of the third hearing. (Tr. 19.) For work at the time of the hearing in 2008, $940.00 per month constitutes substantial gainful activity. http://www.socialsecurity.gov/OACT/COLA/sga.html. Plaintiff testified he worked 35 hours per week at $8.50 per hour, or about $1,289.00 per month.[1] (Tr. 428.) Thus, based on Plaintiff's earnings, there is a presumption of disqualifying substantial gainful activity.

Plaintiff appears to concede his earnings constitute substantial gainful activity, but without citing case law or statutory authority in support of his position, he argues that he was in a "benevolent work situation" rather than demonstrating an ability to work competitively.[2] (Ct. Rec. 11 at 15-16.) The regulations provide that

---

[1]35 hours x $8.50 per hour = $297.50 per week; $297.50 per week x 52 weeks = $15,470 per year; $15,470 per year / 12 months = $1,289 per month.

[2]Plaintiff did not address the issue of "special conditions" under 20 C.F.R. § 404.157(c) despite the Order Directing Supplemental

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

1   if work is done under "special conditions" which take into account an

2   impairment, such work may not be substantial gainful activity.    20

3   C.F.R. § 404.1573(c).  Examples of special conditions include: special

4   assistance from other employees; permission to work irregular hours or

5   take frequent rest periods; special equipment or work especially

6   suited to the impairment; special arrangements such as the assistance

7   of others in preparing for or getting to work; permission to work at

8   a lower standard of productivity or efficiency than other employees;

9   the opportunity to work despite the impairment due to a family

10  relationship, past relationship with the employer, or the employer's

11  concern for the employee.  *Id.*

12      The only evidence of possible special conditions in this matter

13  is Plaintiff's own testimony.  Plaintiff testified that he got his job

14  at McDonald's through his girlfriend who is the manager.  (Tr. 446.)

15  He testified that his girlfriend/boss is aware of his symptoms and

16  allows him to take breaks and "do what I need to do to get back into

17  getting my job done."  (Tr. 447.)  Plaintiff rides to and from work

18  with his girlfriend because they are on the same shift.  (Tr. 447.)

19  Based on Plaintiff's testimony, the vocational expert opined that

20  Plaintiff's work is "accommodated" because his supervisor has the

21  ability, authority, and willingness to accommodate Plaintiff.  (Tr.

22  458-59.)

23      The ALJ found Plaintiff's statements are not credible, and

24  Plaintiff does not challenge the finding.  (Tr. 23.)  Courts are not

25  _____

26  Briefing on that issue.  (Ct. Rec. 17, 18.)  It appears Plaintiff

27  concedes the issue and, as a result, Plaintiff properly was found not

28  disabled at step one.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

permitted to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Credibility findings by the court must uphold the ALJ's decision when it is not based on legal error and is supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). The ALJ's substantial gainful activity finding is supported by substantial evidence and the ALJ did not err. Thus, Plaintiff is disqualified from benefits at step one.

Even if the ALJ erred in finding Plaintiff engaged in substantial gainful activity, the error is harmless. (Tr. 19-25.) Harmless error only occurs if the error is inconsequential to the ultimate nondisability determination. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Because the ALJ made properly supported alternate findings after completing the sequential evaluation process, any error which may have been made at step one is inconsequential to the ultimate nondisability determination.

**2.  Opinion Evidence**

Plaintiff's objections to the ALJ's alternate findings include arguments that the ALJ failed to properly reject the opinions of his examining psychologists and improperly weighted the opinion of the medical expert. (Ct. Rec. 11 at 15-16.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

**a.  Dr. Forsyth**

Plaintiff argues the ALJ did not properly reject the opinion of Dr. Forsyth, an examining psychologist. (Ct. Rec. 11 at 15.)  Dr. Forsyth prepared a written evaluation dated August 27, 2004, and completed a DSHS psychological/psychiatric evaluation dated September 2, 2004.  (Tr. 123-29.)  Dr. Forsyth diagnosed attention-deficit/hyperactivity disorder, combined type (ADHD); conduct disorder, mild; encopresis with constipation and overflow incontinence; and cannabis dependence by history. (Tr. 127.)  Dr. Forsyth also noted possible diagnoses of reading/writing disorder and antisocial personality traits. (Tr. 127.)  Dr. Forsyth assessed three marked limitations and four moderate limitations, including marked limitations in the ability to exercise judgment and make decisions, the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and the ability to care for self including personal hygiene and appearance. (Tr. 128.)

ALJ Duncan noted the previous decision by ALJ Say dated December 4, 2006, and adopted and incorporated the summary of medical evidence

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

by reference, except to the extent it conflicts with his own findings. (Tr. 19.) While ALJ Say did not specifically assign weight to the opinion, his discussion of the report suggests he rejected the limitations assessed by Dr. Forsyth. (Tr. 310.) Specific language rejecting an opinion is not required, and the court may make inferences from the ALJ's discussion of the evidence. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ mentioned two factors constituting specific, legitimate reasons for rejecting the limitations assessed by Dr. Forsyth. First, ALJ Say pointed out Dr. Forsyth concluded that Plaintiff did not appear to be physically or emotionally equipped to participate in competitive employment including unskilled labor jobs, but qualified the opinion with the phrase "for the time being." (Tr. 124, 310.) The quality of the explanation in a medical opinion is a relevant factor in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Dr. Forsyth's language is ambiguous, although it suggests that the weight of Dr. Forsyth's opinion is limited to a period of time or circumstances not described. As a result, Dr. Forsyth's opinion that Plaintiff is not capable of competitive employment was not particularly helpful to the ALJ.

Second, the ALJ pointed out that Plaintiff's activities as noted by Dr. Forsyth are inconsistent with the assessed limitations. A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d at 957. The ALJ noted the moderate and marked cognitive and social limitations identified by Dr. Forsyth, but observed that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1   Plaintiff reported spending his days engaged in manual farm labor,
2   including bucking bales, putting up fences, setting up irrigation
3   lines and mowing grass. (Tr. 124, 310.) Plaintiff's activities could
4   reasonably be construed to exceed the limitations assessed by Dr.
5   Forsyth.  Thus, this is a specific, legitimate reasons for rejecting
6   Dr. Forsyth's opinion.

7        Third, Dr. Forsyth indicated that referral for outpatient
8   chemical dependency treatment was appropriate because Plaintiff was
9   likely using cannabis at the time of the evaluation. (Tr. 124, 310.)
10  Dr. Forsyth noted that alcohol or drug treatment would likely decrease
11  the severity of Plaintiff's condition and that he was unable to say
12  whether alcohol or drug abuse exacerbated other diagnosed conditions.
13  (Tr. 127-28.)  Because Dr. Forsyth's report was unclear as to whether
14  his assessment of limitations was influenced by Plaintiff's drug use,
15  the ALJ reasonably gave little weight to those limitations.

16       Plaintiff does not specifically challenge the reasons given by
17  the ALJ, and those reasons are based on a reasonable interpretation of
18  the evidence.  The ALJ provided specific, legitimate reasons supported
19  by substantial evidence for rejecting Dr. Forsyth's limitations.
20  Therefore, the ALJ did not err.

21       **b.   Dr. Pollack**

22       Plaintiff asserts the ALJ did not properly reject the opinion of
23  Dr. Pollack. (Ct. Rec. 11 at 15.) Dr. Pollack examined Plaintiff and
24  prepared a written report and completed a "Mental Medical Source
25  Statement" form in July 2006.  (Tr. 292-301.)  Dr. Pollack diagnosed
26  cannabis abuse, cognitive disorder and personality disorder and
27  assessed a GAF of 60.  (Tr. 297.)  He assessed marked limitations in
28  the ability to perform activities within a schedule, maintain regular

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

attendance, and be punctual within customary tolerances and in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 299.) Dr. Pollack also assessed moderate limitations in the ability to maintain attention and concentration for extended periods of time and in the ability to accept instructions and respond appropriately to criticism from supervisors. (Tr. 299.)

ALJ Duncan did not discuss Dr. Pollack's report, but ALJ Say discussed the opinion in detail. (Tr. 311-13.) As noted above, ALJ Duncan noted that ALJ Say discussed the earlier opinion evidence and incorporated ALJ's Say's decision by reference. (Tr. 19, 23.) ALJ Say assigned little weight to Dr. Pollack's report for a number of reasons. (Tr. 311-13.)

First, the ALJ discredited Dr. Pollack based on his past experience with Dr. Pollack and because the examination was arranged by Plaintiff. An ALJ may not base his opinion of medical evidence on past activity not in the record. *See Reed v. Massanari*, 270 F.3d 838, 843-44 (9th Cir. 2001) (finding it was improper for the ALJ to reject opinions of doctors based on past decisions that were not in the record). An ALJ may not assume doctors routinely misrepresent to help their patients collect disability benefits. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1196 n.5 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (citing *Ratto v. Sec'y*, 839 F. Supp. 1415, 1426 (D. Or. 1993). The ALJ noted that the assessment was arranged by Plaintiff's attorney "who uses this particular psychologist extensively." (Tr. 311.) The ALJ also remarked, "This psychologist appears to always report moderate or marked limitations

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

on mental medical source statement forms for item no. 7, the ability to perform within a schedule, maintain attendance, and be punctual within customary tolerances and item no. 11, the ability to complete a normal workweek without interruption from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 311.) The ALJ indicated that based on his experience, vocational experts always conclude that an individual with these limitations is unable to sustain work. (Tr. 311-12.) The ALJ's statements inappropriately assumed facts not available in the record and are based on the ALJ's experiences unrelated to this matter. This is not a legitimate reason for rejecting Dr. Pollack's report, and the ALJ therefore erred.

However, the ALJ further evaluated the report and gave other valid reasons for rejecting Dr. Pollack's evaluation. The ALJ cited other specific, legitimate reasons supported by substantial evidence which support the ALJ's rejection of the opinion. *See, e.g., Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). Therefore, the outcome is the same despite the improper reasoning. Errors that do not affect the ultimate result are harmless. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

The ALJ concluded Dr. Pollack's narrative report is inconsistent with the marked and moderate findings on the mental medical source statement and with the other evidence of record. (Tr. 312.) A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*,

278 F.3d at 957.    First, the ALJ pointed out that Dr. Pollack's narrative report does not show how the diagnosed impairments would impact Plaintiff's ability to perform within a schedule or complete a work day.   (Tr. 312.)   Second, the ALJ noted that the medical expert, Dr. Mabee, pointed out that Dr. Pollack's narrative does support a moderate limitation on concentration and interpersonal relationship, but it does not support marked limitations.   (Tr. 312, 419.)   Third, the ALJ observed that Plaintiff's treatment records reflect Plaintiff's anger management problems were under control and he had been without other significant mental difficulties or complaints. (Tr. 140, 141, 160, 162, 312.)   These details all support the ALJ's conclusion that Dr. Pollack's narrative report is inconsistent with the assessed limitations and with the objective evidence.

Additionally, the ALJ cited in detail Dr. Mabee's expert testimony regarding Dr. Pollack's report.   (Tr. 313.)   Dr. Mabee pointed out that the GAF assessed by Dr. Pollack was 60, indicative of the high end of moderate symptoms, approaching mild, which is inconsistent with the more severe limitations assessed by Dr. Pollack. (Tr. 313, 419.)   Dr. Pollack diagnosed cannabis abuse, but did not discuss it or its effects in the narrative.   (Tr. 297, 313, 418.)   Dr. Pollack also diagnosed cognitive disorder without mention of Plaintiff's history of attention deficit hyperactivity disorder.   (Tr. 297, 313, 419.)   Dr. Mabee testified that cognitive disorder usually implies more pervasive types of memory and information processing difficulties than evidenced by the record.   (Tr. 313, 419.)   Dr. Mabee indicated he did not see where the marked impairments assessed by Dr. Pollack "flowed" from the narrative.   (Tr. 420.)   Dr. Mabee's comments lend further support to the ALJ's conclusions about Dr. Pollack's

opinion.

The ALJ's interpretation of weaknesses in Dr. Pollack's report is reasonable and supported by the record.  Plaintiff does not explain or describe why the factors considered by the ALJ are improper or inconsistent with the evidence.  The ALJ cited specific, legitimate reasons supported by substantial evidence justifying rejection of Dr. Pollack's opinion and the ALJ did not err.

**c.  Dr. Bot**

Plaintiff argues the ALJ failed to provide specific, legitimate reasons for rejecting the opinion of Dr. Bot.  (Ct. Rec. 11 at 15-16.) Dr. Bot examined Plaintiff and prepared a narrative report in August 2008.  (Tr. 378-82.)  In September 2008, Dr. Bot completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) form.  (Tr. 383-85.)  Dr. Bot diagnosed episodic alcohol abuse, ADHD by history, and personality disorder.  (Tr. 381.)  Dr. Bot specifically noted that Plaintiff did not demonstrate symptomatology of ADHD during the exam.  (Tr. 381.)  Dr. Bot identified a marked impairment in the ability to make judgments on complex work-related decisions, and moderate to marked impairment in the ability to carry out complex instructions, the ability to interact appropriately with supervisor(s), and the ability to interact appropriately with co-workers.  (Tr. 383-84.)

ALJ Duncan gave "some weight" to Dr. Bot's evaluation, but found the assessment of marked limitations inconsistent with the fact that Plaintiff was currently engaged in substantial gainful activity.  (Tr. 23.)  It is appropriate to reject marked limitations that are inconsistent with a claimant's daily activities.  *See Morgan v. Comm'r of soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).  The ALJ is

correct that Plaintiff's substantial gainful activity is inconsistent
with and justifies rejection of the marked limitations identified by
Dr. Bot.  Even if Plaintiff's employment at McDonald's is not properly
characterized as substantial gainful activity, it demonstrates a level
of activity inconsistent with the limitations alleged.  Additionally,
the ALJ rejected Dr. Bot's assessment of a GAF score of 48 indicating
a serious impairment.[3]  (Tr. 23, 382.)  The medical expert at the third
hearing, Dr. McDevitt, suggested that the GAF of 48 assessed by Dr.
Bot is inconsistent with Plaintiff's daily activities such as caring
for animals, hanging out with friends, video games which require
intense concentration, watching television, and playing soccer.  (Tr.
452.)  The ALJ's interpretation of the evidence was reasonable, and
the ALJ cited specific, legitimate reasons supported by substantial
evidence for rejecting the marked limitations assessed by Dr. Bot.

   **d.  Dr. McDevitt**

   Plaintiff suggests the ALJ improperly weighted the opinion of the
medical expert, Dr. McDevitt.  (Ct. Rec. 11 at 15.)  The opinion of a
non-examining physician cannot by itself constitute substantial
evidence that justifies the rejection of the opinion of either an
examining physician or a treating physician.  *Lester*, 81 F.3d at 831,
citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990).
However, the opinion of a non-examining physician may be accepted as
substantial evidence if it is supported by other evidence in the
record and is consistent with it.  *Andrews*, 53 F.3d at 1043; *Lester*,

---

   [3]A GAF score of 41-50 indicates serious symptoms or any serious
impairment in social, occupation, or school functioning.  DIAGNOSTIC AND
STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 32.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

81 F.3d at 830-31.  Cases have upheld the rejection of an examining or treating physician based on part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion.  *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results).  Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.  As discussed in detail *supra*, substantial evidence in addition to the opinions of Dr. McDevitt and Dr. Mabee supports the rejection of the opinions of Drs. Forsyth, Pollack and Bot.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.  Accordingly,

**IT IS ORDERED:**

1.  Defendant's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED.**

2.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **DENIED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

       The District Court Executive is directed to file this Order and
provide a copy to counsel for Plaintiff and Defendant.  Judgment shall
be entered for Defendant and the file shall be **CLOSED**.
       DATED November 24, 2010.


                     _____S/ CYNTHIA IMBROGNO_____
                      UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 20